UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CSFB 2002-CKS4 RUTLAND STREET
APARTMENTS, INC.,

       Plaintiff,

v.                                                                      Case No. 07-10668

HJS WEST PARK APARTMENTS                    HONORABLE AVERN COHN
PROPERTY CO., L.L.C. and HERBERT
J. STRATHER,

       Defendants.

_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**[1]

I.  Introduction

This is an action to recover a deficiency following a mortgage foreclosure sale on

certain property.  Plaintiff, CSFB 2002-CKS4 Rutland Street Apartments, Inc., (Lender)

is the successor lender suing defendants to collect on the alleged deficiency.

Before the Court is defendants' motion to dismiss for lack of subject matter

jurisdiction or in the alternative to abstain.  For the reasons that follow, the motion is

GRANTED.  This case is DISMISSED.

II.  Background

The relevant facts as gleaned from the complaint follow.

In 2001, the Lender loaned $3,475,000.00 to defendant HJS West Park

_____

[1]The Court originally would schedule this matter for hearing.  Upon review of the
parties' papers, however, the Court finds that oral argument is not necessary.  See E.D.
Mich. LR 7.1(e)(2).

Apartments (HJS).  The promissory note required HJS to make monthly payments and the loan was also secured by a mortgage.  The loan was made regarding real property located in Detroit, Michigan, commonly known as 7222-7260 Rutland Street (the Property).  Also in 2001, defendant Herbert J. Strather (Strather) executed an indemnity and guaranty guaranteeing HJS's obligations under the note and mortgage.  On December 9, 2004, HJS sold the Property on a land contract to Booker Fullilove for $4,750,000.00.  Defendants did not seek the Lender's consent as required and was therefore in default.  In April 20026, the Property was the subject of an order of forfeiture in the federal criminal case of United States v. Quasand Lewis, 05-80617 in which the government contended that Fullilove was a shill for the defendant, Lewis, and that Lewis was the real party with ownership interest in the Property.  Various third parties, including the Lender, claimed an interest in the Property.  Upon the Lender's motion, a Receiver was appointed over the Property.  On November 20, 2006, the Court entered a Stipulated Consent Judgment and Final Order of Forfeiture Resolving the Third Party Petitions (Consent Judgment) which resolved the forfeiture proceedings relative to the Property.  The Consent Judgment provided, inter alia, that Strather forfeited the sum of $1,500,000.00 to the government and preserved the Lender's rights to sell the Property at a foreclosure sale.  On December 7, 2007, the Property was sold.  The Lender, the sole bidder, purchased it for $2,600,000.00.  The amount of defendant's outstanding debt, however, is alleged to be $4,272,200.39, including principle, interest, attorney fees and other costs, resulting in a deficiency of approximately $1,672,200.59.

On February 14, 2007, the Lender sued defendants to recover the deficiency. The Lender makes claims based on the loan documents for (1) declaratory relief and (2)

2

breach of contract.  The complaint alleges the following as to jurisdiction:

> This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C.
> 1367, as this Court has original jurisdiction over the related forfeiture
> proceedings.

Complaint at ¶ 8.

Defendants then filed the instant motion.

### III.  Legal Standard

Where federal subject matter jurisdiction is challenged under Rule 12(b)(1), the

plaintiff has the burden of proving jurisdiction exists.  Kinsey v. Kinsey, 98 F. Supp. 2d

834, 835 (N.D. Ohio 2000) (quoting RMI Titanium Co. v. Westinghouse Elec. Corp., 78

F.3d 1125, 1134 (6th Cir. 1996)).  "The court has wide discretion to consider materials

outside the complaint in assessing the validity of its jurisdiction."  Ohio Nat'l Life Ins. Co.

v. United States, 922 F.2d 320, 325 (6th Cir. 1990).

### IV.  Analysis

Jurisdiction is alleged to be premised on supplemental jurisdiction under 28

U.S.C. § 1367, which provides in relevant part:

> (a) Except as provided in subsections (b) and (c) or as expressly provided
> otherwise by Federal statute, in any civil action of which the district courts have
> original jurisdiction, the district courts shall have supplemental jurisdiction over all
> other claims that are so related to claims in the action within such original
> jurisdiction that they form part of the same case or controversy under Article III of
> the United States Constitution.  Such supplemental jurisdiction shall include
> claims that involve the joinder or intervention of additional parties.

The Lender contends that supplemental jurisdiction exists because this action is

related to the forfeiture proceeding arising out of the Lewis criminal case.  This position

is misguided.  The claims here are not related to the claims in the forfeiture proceeding.

The forfeiture proceeding centered on whether the Property was used by Lewis to

3

facilitate his drug and money laundering activities.  This is a suit for a deficiency seeking

declaratory and monetary relief based on alleged breaches of loan documents.  As

such, supplemental jurisdiction is lacking.

Even assuming that supplemental jurisdiction exists, the complaint is subject to

dismissal under § 1367(c) which provides:

> (c) The district courts may decline to exercise supplemental jurisdiction over a
> claim under subsection (a) if--
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the
> district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original
> jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining
> jurisdiction.

The complaint is based solely on state law.  The action over which the Court had

original jurisdiction - the forfeiture proceeding - has been dismissed by entering the

Consent Judgment.  Under such circumstances, the exercise of supplemental

jurisdiction would not be appropriate.

SO ORDERED.

　　　　　　　　　　　　 s/Avern Cohn
　　　　　　　　　　　　AVERN COHN
　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated:  April 19, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of
record on this date, April 19, 2007, by electronic and/or ordinary mail.

　　　　　　　　　　　　 s/V. Sims for Julie Owens
　　　　　　　　　　　　Case Manager, (313) 234-5160